Mr.' Justice Nott
delivered the opinion of the court. ..
The defendants in this cáse appear to have been under an impression that the act oflimitatioh allows a plaintiff in an action of false imprisonment, four years to commence bis suit, whereas it allows but one. And it appears by some authorities that a special demurrer to such a plea ought to be supported. (1 Espinasse N. P. pt. 181.— Salk, 442.) But it is difficult, perhaps, to give a good reason for that rule. The general rifle of law is, “ omne majus cóñtinet in se minus.” If the defendants had not been guilty within four years, a fortiori, they could not Have been guilty within one. But admitting the plea to be bad, it could only be taken advantage of by a special and not by a general demurrer, (6 East, 387, Macfaden vs. Olivant;) and this advantage the plaintiff waived by his replication. The replication also is defective, inasmuch as it does not deny the allegation in the defendant’s plea, r-cr specify the time within which the action was coremen- *338 ¿ed. It is now contended that as the defendants have demurred to the plaintiffs replication, the court will look back through all the proceedings, and give judgment against the party whp has been guilty of the first fault in pleading. But that rule applies only where the preceding pleadings are defective in substance and not merely in form, and such as would be aided on a general demurrer. (1 Chitty, 647.) The demurrer was therefore properly sustained in the court below, and this motion must be refused..
Justices Colcock, Johnson, and Huger, concurred.